UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TERESA MOORE, )<br>)<br>Plaintiff, )<br>)<br>v.   )<br>)<br>WHEATON VAN LINES, INC., )<br>WHEATON WORLD WIDE MOVING, )<br>AUTOMOBILE CLUB OF SOUTHERN )<br>CALIFORNIA, )<br>)<br>Defendants. ) | Civil No. 04-155-B-W |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

On September 3, 2004, Plaintiff Teresa Moore, acting *pro se*, filed a Complaint with this Court against Defendants Wheaton Van Lines, Inc. and Wheaton World Wide Moving (collectively Wheaton), seeking compensation for personal property damages she claims resulted from a move across the United States to Maine.[1] On February 2, 2005, Wheaton answered the Complaint and on March 9, 2005, filed a Motion to Dismiss, setting forth a number of potential bases. On March 28, 2005, Plaintiff Moore moved to extend time to respond to the Wheaton Motion; on the same day, Magistrate Judge Kravchuk granted the Motion to Extend, but ordered her to respond by April 29, 2005. Plaintiff Moore has failed to file any further response to Wheaton's Motion to Dismiss.

Under Local Rule 7(b), unless within twenty-one days after the filing of a motion, the opposing party files written objection thereto, the opposing party "shall be deemed to have waived objection." Local Rule 7(b). Plaintiff Moore's motion for extension reveals her

---

[1] Plaintiff also named as a defendant the Automobile Club of Southern California, but has not yet served it with process.

understanding of the need to file a response within the "applicable time frame." *Pl.'s Mot. To Extend* at 1. Under Judge Kravchuk's Order, Plaintiff Moore was required to file a response by April 29, 2005. Her failure to do so constitutes a violation of Local Rule 7(b) and she has now waived objection to the Wheaton Motion to Dismiss.

Plaintiff Moore is acting *pro se* and this Court has "read her supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994). However, in doing so, she must be held generally to the same standards as an attorney. Otherwise, the rules would be applied unevenly and the *pro se* Plaintiff would be forgiven for lapses that would be unforgivable if made by the represented Defendants. *Simpson v. Penobscot County Sheriff's Dep't,* 285 F. Supp. 2d 75, 76-77 (D. Me. 2003) ("…*pro se* status does not relieve him of his duty to respond, not alter the Court's obligation to fairly apply the rules….") (citations omitted).

Plaintiff Moore's failure to respond within the extended time or to file a motion for further extension constitutes a waiver of her right to object to Defendants Wheaton Van Lines, Inc., and Wheaton World Wide Moving's Motion to Dismiss and the motion is, therefore, GRANTED.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of May, 2005.